**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRPAL SINGH,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 09-70285<br><br>Agency No. A079-290-263<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:      CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kirpal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his second motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely and numerically barred because it was Singh's second motion, filed almost six years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed country circumstances in India to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Singh's contention that the BIA failed to consider evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).  Singh's contentions that the BIA applied a higher standard and failed to consider his request to reopen to seek protection under the Convention Against Torture are belied by the BIA's order.

Finally, we decline to reconsider Singh's challenge to the immigration judge's adverse credibility determination because this court already decided the

issue in *Singh v. Ashcroft*, 113 Fed.Appx. 233 (9th Cir. 2004). *See Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Christopher J. Stender's motion to withdraw as counsel for the petitioner is granted.